UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

vs.                                    Case No.

CHARLES P. JUSTUS, II INC.
and STANDARD PACIFIC OF
FLORIDA GP, LLC,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY sues Defendants CHARLES P. JUSTUS, II INC. and STANDARD PACIFIC OF FLORIDA GP, LLC and alleges as follows:

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY ("SOUTHERN-OWNERS") is a foreign insurance corporation, incorporated in the State of Michigan, with its principal place of business in Lansing, Michigan, authorized to do and doing business in the State of Florida.

3.	Defendant CHARLES P. JUSTUS, II INC. ("JUSTUS") is a Florida corporation with its principle place of business in Hillsborough County, Florida.

4.	Defendant STANDARD PACIFIC OF FLORIDA GP, LLC ("STANDARD PACIFIC") is a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida, authorized to do and doing business in the State of Florida.  STANDARD PACIFIC's members, Mark Sustana and Joseph Montagnino, are adult individuals residing in Miami-Dade County, Florida and are citizens of the state of Florida.

5.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000).

6.	This action is brought pursuant to 28 U.S.C. §2201(a), which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

7.	Venue is proper in this Court pursuant 28 U.S.C. §1391 because both defendants are residents of the State of Florida and JUSTUS resides in this district, the underlying litigation addressed herein was brought in this district, and all matters concerning the causes of action alleged in the underlying litigation arose in this district.

8. All conditions precedent to this action have been performed by SOUTHERN-OWNERS or have otherwise occurred, been waived, discharged or legally excused.

9. At all times material hereto SOUTHERN-OWNERS insured JUSTUS under a Commercial General Liability policy, number 134622-78171256-18 (the "Policy"). A true and correct copy of the Policy with effective dates of March 10, 2018 to March 10, 2019 is attached hereto and part hereof as Exhibit "A".

10. Based upon a construction job site accident which occurred on April 3, 2018, Feliciano Vargas Cabrera ("CABRERA") filed suit in case number 2018-CA-001770 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida (the "Underlying Action"). CABRERA's current operative pleading in the Underlying Action is the Second Amended Complaint and Demand for Jury Trial (the "Complaint"), a true and correct copy of which is attached hereto and made a part hereof as Exhibit "B".

11. In the Complaint, CABRERA, among other things, alleges that:

(a) JUSTUS "was a Florida corporation that performed construction work on residential houses";

(b) Sofia's Construction, Inc. ("SOFIA'S") "was a Florida corporation that performed construction work on residential houses";

  (c) "The workers compensation court determined [CABRERA] was an employee of [SOFIA'S] and it was required to provide [CABRERA] with workers compensation benefits.";

  (d) JUSTUS entered a written contract to furnish frame labor for construction of the subject home;

  (e) JUSTUS hired Freddie Lopez ("LOPEZ") to actually perform said frame labor;

  (f) "[LOPEZ] hired [CABRERA] to do Frame Labor and agreed to pay [CABRERA] in cash."; and

  (g) "CABRERA was working for [LOPEZ] when he fell…"

  12. Based upon the Complaint, STANDARD PACIFIC filed a Third-Party Complaint against JUSTUS.  A true and correct copy of Defendant Standard Pacific of Florida GP, LLC's Third-Party Complaint (the "Third-Party Complaint"), which is STANDARD PACIFIC's current operative pleading in the Underlying Action, is attached hereto and made a part hereof as Exhibit "C".

  13. As set forth in the Third-Party Complaint, STANDARD PACIFIC is suing JUSTUS in the Underlying Action alleging, among other things, that:

  (a) CABRERA's "claims arise of the work performed by [JUSTUS] and by a duty of care owed by [JUSTUS] to [CABRERA]";

(b)  JUSTUS "served as the framing subcontractor regarding the Home";

(c)  SOFIA'S "was a subcontractor of [JUSTUS]. [SOFIA'S] provided the framing labor and materials relating to the home to [JUSTUS]"; and

(d)  CARBREA "was working as an employee of [SOFIA'S] performing Framing Work in the Home when he allegedly fell and sustained injuries…"

14. In connection with the Underlying Action SOUTHERN-OWNERS is providing a defense to JUSTUS. However, as a matter of law, SOUTHERN-OWNERS' provision of said defense does not estop it from raising coverage issues, both as to defense and indemnity. Furthermore, prior to filing this action, SOUTHERN-OWNERS informed JUSTUS that it questions whether there is any coverage for the Underlying Action, including by letter dated August 15, 2022, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "D".

15. Without waiving any other potentially relevant terms and conditions of the Policy, in support of the relief requested herein SOUTHERN-OWNERS advances the following exclusions in the Commercial General Liability

Coverage Form, Section I - Coverages, Coverage A. Bodily Injury And Property Damage Liability, 2. Exclusions:[1]

    **b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    **(1)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract".

    **(2)**    That the insured would have in the absence of the contract or agreement.

    **d.**    **Workers Compensation And Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

    **e. Employer's Liability**[2]

"Bodily injury" to:

    **(1)** An "employee" of any insured arising out of and in the course of employment by any insured; or

    **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

---

[1] The terms in quotes (*e.g.* "bodily injury") are defined in in the Commercial General Liability Coverage Form, Section V - Definitions.

[2] As modified by the Employer's Liability Exclusion - Form 55513 (11-11) endorsement.

This exclusion applies:

**(1)** Whether any insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by any insured under an "insured contract".

16. Defendants contend that SOUTHERN-OWNERS' obligations pursuant to the Policy apply to the Underlying Action.

17. SOUTHERN-OWNERS, on the other hand, contends that there is no coverage for the Underlying Action including, without limitation, because the above-referenced exclusions, individually and/or cumulatively, entirely preclude same.

18. As such, a genuine dispute exists between the parties as to whether SOUTHERN-OWNERS provides coverage, and there is therefore a present controversy between the parties as to this issue. Because of the present controversy, SOUTHERN-OWNERS is in need of declaratory relief and is without an adequate, certain, prompt or complete remedy that would be as efficient to attain the ends of justice in its prompt administration as would the relief requested herein.

19. As there is a bona fide, present, and practical need for a declaration of rights between the parties, and as such a declaration deals with present,

ascertainable facts in controversy, and as the parties to this action have a present and adverse interest in the subject matter hereof, SOUTHERN-OWNERS respectfully seeks this Court's declaratory judgment as to its rights, duties, and obligations under the Policy related to or arising from to the Underlying Action.

**WHEREFORE**, SOUTHERN-OWNERS respectfully requests that this Honorable Court declare that there is no coverage for JUSTUS and/or STANDARD PACIFIC under the Policy for defense and/or indemnity, in whole or in part, for the Underlying Action and further requests costs of this action and such other and further relief deemed appropriate by this Court.

Dated this 1st day of December, 2022.

> CAMPBELL TROHN
> TAMAYO & ARANDA, P.A.
>
> */s/ William S. Chambers IV*
> _____
> WILLIAM S. CHAMBERS, IV
> Florida Bar No. 29793
> B.Chambers@cttalaw.com
> J.Bintliff@cttalaw.com
> P.O. Box 2369
> Lakeland, FL  33806-2369
> (863) 686-0043
> (863) 616-1445 (fax)
> Attorney for SOUTHERN-OWNERS