**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SOUTHERN-OWNERS INSURANCE
COMPANY,

      Plaintiff,

v.                                     Case No: 8:22-cv-2739-JSM-CPT

CHARLES P. JUSTUS, II, INC. and
STANDARD PACIFIC OF FLORIDA
GP, LLC,

      Defendants.

_____

STANDARD PACIFIC OF
FLORIDA GP, LLC f/k/a
STANDARD PACIFIC OF
FLORIDA GP, INC., STANDARD
PACIFIC OF TAMPA GP, LLC f/k/a
STANDARD PACIFIC OF TAMPA
GP, INC., CALATLANTIC GROUP,
LLC f/k/a CALATLANTIC GROUP,
INC. and LENNAR HOMES, LLC,

      Counter-Plaintiffs,

v.

SOUTHERN-OWNERS
INSURANCE COMPANY,

      Counter-Defendants.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the parties' cross-motions for summary

judgment and their respective responses and replies.  The Court, upon review of these

filings, and being otherwise advised in the premises, concludes that Defendants/Counter-Plaintiffs are entitled to partial judgment in their favor because they are additional insureds under the subject insurance policy and none of the insurance policy's exclusions are applicable on the face of the underlying complaint.   Accordingly, Plaintiff Southern-Owners Insurance Company has a duty to defend Counter Plaintiffs in the underlying action.

## BACKGROUND

Southern-Owners Insurance Company filed this declaratory judgment action to seek a ruling from the Court that it does not have a duty to defend Standard Pacific of Florida GP, LLC ("STANPAC FL"), Standard Pacific of Tampa GP, LLC, ("STANPAC TAMPA"), Calatlantic Group, LLC ("CALATLANTIC"), and Lennar Homes, LLC ("LENNAR") (collectively, the "Counter Plaintiffs") for an accident that occurred at a homesite that was being built by STANPAC FL and its affiliates, STANPAC TAMPA, CALATLANTIC, and LENNAR.   Southern-Owners Insurance Company issued a policy of insurance to Charles Justus II, Inc. ("Justus"), a framing subcontractor.   The injured person, Feliciano Vargas Cabrera ("Cabrera"), filed a personal injury action against the Counter Plaintiffs in state court (hereinafter the "Underlying Action").

STANPAC FL filed a Third-Party Complaint against Justus for defense and indemnification.   Southern-Owners Insurance is defending Justus in the Underlying Action under a reservation of rights.   Counter Plaintiffs tendered the claim to Southern-Owners Insurance for defense and indemnity as additional insureds.   Southern-Owners Insurance denied coverage.

The Underlying Action is pending in state court and has not been set for trial.   The facts as they are alleged in the Underlying Action are as follows.   On April 3, 2018, Cabrera was severely and permanently injured while performing framing work on a home located at 4593 Tramanto Lane, Wesley Chapel, Florida (the "Home").   On March 2, 2021, Cabrera filed the operative Second Amended Complaint (the "Underlying Complaint") against the Counter Plaintiffs, STANPAC FL, STANPAC TAMPA, CALATLANTIC, and LENNAR.   The Underlying Complaint alleges that Cabrera was working on the Home and fell.   STANPAC FL was the general contractor and developer of the Home.

Cabrera alleges that STANPAC TAMPA, CALATLANTIC, and LENNAR all contracted with Justus to furnish framing work, but that Justus had no employees capable of performing the work and hired "Freddie Lopez and his crew," who in turn hired Cabrera to do the frame labor.   CALATLANTIC was actively involved in the construction of the Home and promulgated safety rules for workers.

The Underlying Complaint alleges that a workers' compensation court concluded that Cabrera was an employee of Sophias Construction, Inc.   The Underlying Complaint also alleges that Cabrera was not a statutory employee of any of the Counter Plaintiffs and that none of the Counter Plaintiffs are entitled to workers' compensation immunity.

Cabrera avers that the Counter Plaintiffs were negligent by, among other things: failing to implement fall protection systems; failing to ensure that ladders were used according to regulations; failing to hire qualified companies to perform the construction; failing to prevent untrained persons from performing work; and failing to adequately and

properly inspect, manage, and supervise the construction project consistent with federal occupational safety and health regulations.

STANPAC FL filed the operative Amended Third Party Complaint against Justus on October 30, 2023.   STANPAC FL alleges that it has been sued by Cabrera and that pursuant to a Master Subcontract Agreement between Justus and STANPAC dated April 14, 2011, Justus agreed to defend and indemnify STANPAC FL and its affiliates for all claims arising out of Justus's work.   STANPAC FL further alleges that on March 20, 2018, Justus entered into a Master Trade Partner Agreement (the "MTPA") with LENNAR, a subdivision/subsidiary of Lennar Corporation, under which Justus agreed to defend and indemnify LENNAR and its affiliates and subsidiaries.   STANPAC FL further alleges that it is an intended third-party beneficiary of the LENNAR MTPA because STANPAC is an affiliate/subsidiary of LENNAR.

At the time of Cabrera's accident on April 3, 2018, Justus was insured under a Commercial General Liability Insurance policy issued by Southern-Owners Insurance, number 134622-78171256-18, effective March 10, 2018, to March 10, 2019 (the "Policy"). The Policy includes two Additional Insured Endorsements.   The Scheduled Additional Insured Endorsement ("Scheduled AI Endorsement"), which identifies the following entities as additional insureds with respect to work "arising out of 'your work' for that insured by you": "STANDARD PACIFIC OF FLORIDA; STANDARD PACIFIC OF FLORIDA GP, INC.; STANDARD PACIFIC OF TAMPA; CALATLANTIC GROUP, INC. AND ITS AFFILIATES."   The Policy also contains a "Blanket Additional Insured" endorsement, which includes the following as an additional insured: "[a]ny person or

4

organization is an Additional Insured, only with respect to liability arising out of 'your work' for that Additional Insured by or for you: (1) if required by a written contract or agreement."   The Policy provides that Southern-Owners Insurance "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," and "will have the right and duty to defend the insured against any 'suit' seeking those damages."

The Policy also contains certain exclusions from coverage including exclusions for Contractual Liability, Workers' Compensation or Similar Laws, and Employer Liability.

Now, Counter Plaintiffs move for a partial summary judgment determining that Counter Plaintiffs are additional insureds under the Southern-Owners Insurance policy and that Southern-Owners Insurance breached its duty to defend Counter Plaintiffs as additional insureds in the Underlying Action.   Southern-Owners moves for summary judgment on the same issue – it contends that it does not have a duty to defend Counter Plaintiffs.   Based on the Court's review of the filings, the Court agrees with Counter Plaintiffs.

## <u>SUMMARY JUDGMENT STANDARD OF REVIEW</u>

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c).   The existence of some factual disputes between the litigants will not defeat an otherwise properly supported

summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

Under Florida law, an insurer's duty to defend is triggered when the underlying complaint against its insured "fairly brings the case within the scope of coverage." *Princeton Excess & Surplus Lines Ins. Co. v. Hub City Enters., Inc.*, 808 F. App'x 705, 708 (11th Cir. 2020). "If there is any doubt about the insurer's duty to defend, then the ambiguity must be resolved in favor of the insured." *Id.*; *see also Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) ("The duty to defend arises if the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage.").

When the allegations in the underlying complaint "show either that a policy exclusion applies or that no coverage exists, no duty to defend arises." *Kenneth Cole Prods., Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1331, 1334 (S.D. Fla. 2010) (citing *Fed. Ins. v. Applestein*, 377 So. 2d 229, 232 (Fla. 3d DCA 1979)). But, when an insurer relies on a policy exclusion to deny coverage, "it has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Hartford Acc. & Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006). While ambiguous policy language is construed against the drafter and in favor of the insured, "exclusionary clauses are construed *even more strictly* against the insurer than coverage clauses." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (emphasis added). Any doubt regarding the duty to defend is resolved in favor of the insured. *See Miranda Constr. Dev., Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1336, 1339 (S.D. Fla. 2010).

Notably, analysis of the duty to defend is limited to the eight corners of the insurance policy and the Underlying Third-Party Complaint (which incorporates the Underlying Complaint). *See Addison Ins. Co. v. 4000 Island Blvd. Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017) (Under the "eight corners rule," an insurer's duty to defend is determined solely from the four corners of the underlying complaint and the four corners of the insurance policy); *Carithers v. Mid-Continent Cas. Co.*, 782 F.3d 1240, 1246 (11th Cir. 2015) (same).

Here, the allegations in the underlying complaints are clear that Justus entered into the MSA with STANPAC FL and that the MSA requires Justus to defend and indemnify STANPAC FL and its affiliates.   Southern-Owners' arguments to the contrary are without merit.

For example, Southern-Owners argues in its Motion that STANPAC FL does not qualify as an additional insured because the Scheduled AI Endorsement lists STANDARD PACIFIC OF FLORIDA GP, INC., not STANPAC FL.   It also argues that the Underlying Complaint is not a "suit" against STANPAC FL because the Underlying Complaint was brought against STANDARD PACIFIC OF FLORIDA, INC.   The record reflects that STANPAC FL is the successor in interest to STANDARD PACIFIC OF FLORIDA GP, INC. because it was converted to a limited liability company on May 27, 2021.   So, as Counter Plaintiffs point out, the entities are deemed the same.

Also, the Court agrees with Counter Plaintiffs that both the MSA and the LENNAR MTPA provide the necessary written agreement to satisfy the "Blanket Additional Insured" policy language.   Specifically, the MSA required Justus to name "Contractor , Owner,

project lender(s) and the affiliated entities of each of them (and any other parties in interest designated by Contractor" as additional insureds.   The LENNAR MTPA required Justus to add "Lennar Corporation including its subsidiaries, partnerships, affiliated companies, successors and assigns" as additional insureds.   All of these facts, which are apparent under the "eight corners" rule establish that STANPAC FL is an additional insured.   *See e.g., KB Home Orlando LLC v. Mid-Continent Cas. Co.*, 2020 WL 13095126, at *3 (M.D. Fla. Nov. 12, 2020) (concluding that KB Orlando was an additional insured under subcontractor's policy because "(1) it was listed as an additional insured; (2) Branco Lath agreed in the Subcontracts to so designate KB Orlando; and (3) the Subcontracts qualify as an 'insured contract.'").

Finally, contrary to Southern-Owners' position, the workers' compensation and employer liability exclusions do not apply on the face of the underlying complaints. Cabrera specifically alleges that STANPAC FL was not his statutory employer and the state court already ruled in the Underlying Action that, as a matter of law, STANPAC FL was not Cabrera's statutory employer.   Simply put, Southern-Owners cannot show that the allegations in the Underlying Complaint and the Underlying Third-Party Complaint are cast solely and entirely within these exclusions.   *See Southern Owners Ins. Co. v. Galati Yacht Sales, LLC*, 653 F. Supp. 3d 1147, 1157 (M.D. Fla. 2023) (workers' compensation and employer liability exclusions did not apply where underlying complaint alleged that injured party was not an employee of additional insured); *Southern-Owners Ins. Co. v. Fla. Constr. Servs., Inc.*, 569 F. Supp. 3d 1186, 1198 (M.D. Fla. 2021) (insurer's motion for summary judgment denied where insurer could not establish that the claims in the

underlying complaint where cast solely and exclusively within the workers' compensation or employer liability exclusion).

The Court also agrees with Counter Plaintiffs that no other exclusions clearly apply to bar Southern-Owners' duty to defend.   Of course, whether Southern-Owners will have a duty to indemnify Counter Plaintiffs is left to another day because the Underlying Action has not been adjudicated yet.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Counter Plaintiffs' Motion for Partial Summary Judgment (Dkt. 39) is granted.

2. Southern-Owners Insurance Company's Motion for Summary Judgment (Dkt. 41) is denied.

3. The Court declares that Counter Plaintiffs are additional insureds under the Policy and therefore Southern-Owners Insurance Company has a duty to defend Counter Plaintiffs in the Underlying Action.

4. This case is stayed with regards to the duty to indemnify until liability is determined in the Underlying Action.

5. The Clerk of Court is directed to administratively close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this October 23, 2024.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record